**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LIBIN GUO,

        Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 13-72339

Agency No. A201-211-623

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2014
Pasadena, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and ZOUHARY, District Judge.[**]

    Petitioner Libin Guo, a native and citizen of China, petitions for review of a Board

of Immigration Appeals's ("BIA") decision affirming an Immigration Judge's ("IJ")

denial of his applications for asylum, withholding of removal, and relief under the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Convention Against Torture ("CAT"). We grant in part and deny in part the petition for review.

Substantial evidence does not support the BIA's adverse credibility finding, nor its alternative finding that Petitioner did not suffer past persecution. The BIA upheld the adverse credibility finding largely on the basis of inconsistencies in Petitioner's testimony as noted by the IJ. Such inconsistencies are not supported by the record.

One such inconsistency related to medical evidence. Petitioner testified he suffered soft tissue injuries after Chinese police beat and kicked him for about twenty minutes, and demonstrated by raising his left arm as if blocking blows. His corroborating medical evidence shows soft tissue injury on the right side. But, Petitioner never testified that he was beaten on his left side and, even assuming there is a perceivable inconsistency between his demonstration in court and the medical evidence, he was never asked to explain it. *See Rizk v. Holder,* 629 F.3d 1083, 1088 (9th Cir. 2011) (noting an IJ must give a petitioner a chance to explain any perceived inconsistencies).

The other alleged inconsistencies related to Petitioner's employment, including the name of the company for whom he worked. However, he explained the relationship of the entities that employed him and the difference between the company he said fired him and the paper for whom he worked. Differences in the company names in the documentary evidence were due to translation errors. Similarly, much of the lack of

2

clarity in Petitioner's responses about the specific disease and treatment was due to translation errors and the professed difficulty the translator encountered with certain medical terms. *See Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir. 1999) (stating inconsistencies that possibly resulted from mistranslation or miscommunication do not support an adverse credibility finding).

As to the article that Petitioner testified led to his mistreatment, Petitioner was asked whether he had a copy, and responded he did not. He was never asked why, and was never asked whether he could produce one. *See Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1094–95 (9th Cir. 2014) (requiring a petitioner to be given notice and a chance to explain failure to produce corroborating evidence). Petitioner was consistent in his testimony that he wrote the article, so the BIA's reference to an inconsistency in that regard is not supported by the record.

The BIA's findings and conclusions as to credibility are further undermined by the translation deficiencies. We have recognized the critical role of the translator, *see Perez-Lastor v. INS*, 208 F.3d 773, 778 (9th Cir. 2000), and have held translation difficulties can require granting relief even when they do not rise to the level of a denial of due process, *see He v. Ashcroft*, 328 F.3d 593, 597–98 (9th Cir. 2003).

We have also recognized that impatience and hostility can impact the accuracy of a proceeding. *See He*, 328 F.3d at 603; *see also Shrestha v. Holder*, 590 F.3d 1034, 1040

(9th Cir. 2010) ("Although we don't expect an [IJ] to search for ways to sustain an alien's testimony, neither do we expect the judge to search for ways to undermine and belittle it."). The IJ's impatience may have hampered Petitioner's ability to present his case, including his ability to develop the extent of his injuries. *See Mendoza-Manimbao v. Ashcroft*, 329 F.3d 655, 661 (9th Cir. 2002) (stating that the IJ is under a duty to assist in developing the record). For the same reasons, we cannot conclude that substantial evidence supports the BIA's affirmance of the IJ's alternative finding that Petitioner's treatment by the police did not rise to the level of persecution.

Because substantial evidence does not support the denial of Petitioner's asylum application, we grant the petition for review on that claim, and remand it for further consideration. Petitioner failed to exhaust his withholding of removal, CAT, or due process claims by raising them on appeal to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We deny the petition for review on those claims.

**GRANTED** in part, **DENIED** in part and **REMANDED**. Costs are awarded to the Petitioner.